UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEHRDAD SABZEVARI,<br>   *Plaintiff*, | § § § | |
| vs. | § § | CIVIL ACTION H-03-3240 |
| THE RELIABLE LIFE INSURANCE CO.,<br>   *Defendant*. | § § § | |

### MEMORANDUM AND ORDER

Before the court is The Reliable Life Insurance Company's application for costs (Dkt. 40) pursuant to Federal Rule of Civil Procedure 54(d). Reliable was the prevailing party pursuant to the court's final judgment issued June 15, 2006 in an employment discrimination case brought by Mehrdad Sabzevari.[1]

### LEGAL STANDARDS

Rule 54(d)(1) provides: "Except when express provision therefor is made either in a statute of the United States or in these rules, costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." FED. R. CIV. P. 54(d)(1). Title 28 U.S.C. § 1920 defines "costs" as used in Rule 54(d)(1). *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987); *Tyler v. Union Oil Co. of California*, 304 F.3d 379, 405 n.16 (5th Cir. 2002). While a district court has the discretion to decline to award costs listed in section 1920, it may only tax costs enumerated by that statute. *See Crawford Fitting*, 482 U.S. at 442-43; *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *cert. denied*, 510 U.S. 1195 (1994); *Jensen v. Lawler*, 338 F. Supp. 2d 739, 744 (S.D. Tex. 2004); *Embotelladora Agral Regiomontana,*

---

[1]   *See* Dkt. 39.

*S.A. de C.V. v. Sharp Capital, Inc.*, 952 F. Supp. 415, 417 (N.D. Tex. 1997). Section 1920 lists the following as recoverable costs:

> A judge or clerk of any court of the United States may tax as costs the following:
> (1)   Fees of the clerk and marshal;
> (2)   Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3)   Fees and disbursements for printing and witnesses;
> (4)   Fees for exemplification and copies of papers necessarily obtained for use in the case;
> (5)   Docket fees under section 1923 of this title;
> (6)   Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

### ANALYSIS

Reliable seeks costs in the amount of $5,936.08.[2] Plaintiff Merhdad Sabzevari does not object to $1,067.07 listed as fees for the court reporter. The plaintiff does object to Reliable's request for $767.56 in "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" and $4,101.45 in "[o]ther costs."[3] Sabzevari objects to the award of $767.56, "unless and until an itemization of the costs is provided and Plaintiff is afforded the opportunity to review the costs and object as necessary."[4] The court concurs. It is not clear that any itemization or documentation for the $767.56 has been provided and the court will accordingly sustain Sabzevari's objection to that portion of the bill of costs.

---

[2]   *See* Dkt. 40.

[3]   Dkt. 40.

[4]   Dkt. 43.

Reliable lists $4,101.45 in "other costs." Sabzevari objects that these "other costs" are also not itemized and that no explanation of these costs is provided by Reliable. Reliable has in fact provided an itemization and documentation of these costs.[5] Nonetheless, several of Reliable's itemized "other costs" are simply not recoverable.

**1.    Attorney/Messenger Service; Federal Express; Fax; Postage; Telephone**

Postage is not recoverable as a cost. *See Embotelladora*, 952 F. Supp. at 418. Moreover, "[t]elecopy expenses, express delivery charges, and telephone expenses, like postal expenses, are not listed in the statute and represent 'overhead' costs, not litigation costs." *Id.*; *see also Communications Workers of Am. v. Ector County Hosp. Dist.*, 241 F. Supp. 2d 617, 638 (W.D. Tex. 2002) Accordingly, the $389.38 of these claimed expenses will not be taxed to Sabzevari.

**2.    Record/Document Retrieval Fee**

The $1,973.31 in record/document retrieval fees listed by Reliable appear to refer to the expense of obtaining Sabzevari's employment records from American National Insurance Company and Sabzevari's medical records from various doctors and medical service providers.

Section 1920 includes as recoverable costs fees for "copies of papers necessarily obtained for use in a case." 28 U.S.C. § 1920(4). While it is not clear why these costs were not included on the section of the standardized form for "[f]ees for exemplification and copies of papers necessarily obtained for use in the case," the court will nevertheless award the $1,973.31 in record and document retrieval fees included with the "other costs." The court finds that the employment records were "necessarily obtained for use in the case" as Sabzevari claimed to have been terminated by Reliable, and the timing and circumstance of his employment with American National Insurance Company was

---

[5]    *See* Dkt. 41, Ex. A(1) - A(3).

a critical issue in this case. The court also finds that the medical records were necessarily obtained for use in this case as Sabzevari was placed on medical leave purportedly because of a hostile work environment. The circumstances of Sabzevari's medical leave was also an important factor in his termination claim.

**3.     Travel Expenses**

The listed travel expenses appear to be those incurred by G. Mark Jodon, counsel for Reliable. It is well settled that attorney travel expenses are not recoverable under section 1920. *See, e.g., Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993); *Jensen v. Lawler*, 338 F. Supp. 2d 739, 746 (S.D. Tex. 2004); *Communications Workers*, 241 F. Supp. 2d at 638. The $1,738.76 in travel expenses therefore will not be taxed.

### CONCLUSION

Accordingly, The Reliable Insurance Company's application for costs is GRANTED in part; DENIED in part. The $1,067.07 listed as fees for the court reporter is granted, as is $1,973.31 included as "other costs." All further requested costs are denied.

Signed on August 10, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge