UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MEHRDAD SABZEVARI,<br>   *Plaintiff*, | §<br>§<br>§ | |
| vs. | §<br>§ | CIVIL ACTION H-03-3240 |
| THE RELIABLE LIFE INSURANCE CO.,<br>   *Defendant*. | §<br>§<br>§ | |

### MEMORANDUM AND ORDER

Before the court is plaintiff Mehrdad Sabzevari's motion to vacate (Dkt. 42) the opinion on summary judgment issued June 15, 2006. This motion is granted in part; denied in part. The court will vacate that portion of the opinion impacted by the Supreme Court's recent decision in *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. —, 126 S. Ct. 2405 (2006). The court's ultimate granting of summary judgment in favor of The Reliable Life Insurance Co., however, will remain undisturbed for the reasons explained below.

### LEGAL STANDARDS

Federal Rule of Civil Procedure 59(e) allows a party to file a motion to alter or amend judgment within 10 days after entry of judgment. Rule 59(e) has been interpreted as covering motions to vacate judgments, in addition to motions to modify or amend. *See Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993) (citing *Foman v. Davis*, 371 U.S. 178, 181) (1962)). Although reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly, a Rule 59(e) motion may be justified by an intervening change in controlling law. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004); 11 C. WRIGHT & A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d 1995). On the other hand, Rule 59(e) is not simply a vehicle to reargue facts and theories upon which a court has already ruled, or to raise new

arguments that could have been presented before judgment was entered. *See, e.g., Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Steele v. Young*, 11 F.3d 1518, 1520 n.1 (10th Cir. 1993); *Fox v. American Airlines, Inc.*, 295 F. Supp. 2d 56, 59 (D.D.C. 2003); *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000); *see also Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) ("[Rule 59(e)] motions cannot be used to raise arguments which could, and should, have been made before the judgment issued").

Under Rule 60(b)(6), a court may relieve a party from a final judgment for "(6) any other reason justifying relief from the operation of the judgment" based on a motion made within a reasonable time. In the Fifth Circuit, however, a subsequent change in decisional law is not a basis for invoking Rule 60(b)(6). In this circuit, relief under Rule 60(b)(6) will be granted only if extraordinary circumstances are present. *Bailey v. Ryan Stevedoring Co.*, 894 F.2d 157, 160 (5th Cir. 1990), *cert. denied*, 498 U.S. 829 (1990). A change in decisional law after entry of judgment does not constitute exceptional circumstances and is not alone grounds for relief from a final judgment. *Bailey*, 894 F.2d at 160; *United States ex rel. Garibaldi v. Orleans Parish Sch. Bd.*, 397 F.3d 334, 337 (5th Cir. 2005), *cert. denied*, 126 S. Ct. 335 (2005). The court will therefore confine its consideration to Rule 59(e).

## ANALYSIS

The court interprets Sabzevari's motion as seeking to vacate (1) that portion of the opinion relying on the proposition that an "adverse employment action" is limited to "ultimate employment actions," and (2) those portions of the opinion granting summary judgment on plaintiff's failure to promote and constructive discharge claims. As to the second portion, the motion does not demonstrate a need to revisit these issues. As explained in the opinion, Reliable is clearly entitled to

judgment as a matter of law on both the failure to promote and constructive discharge claims because they were not a part of Sabzevari's EEOC charge. Sabzevari simply reurges his prior argument that these claims were properly before the court.

Turning to the retaliation claim, as the parties are already familiar with the facts and reasoning set forth in the summary judgment opinion, the court will not repeat them at length here. Sabzevari alleged Reliable retaliated against him with respect to two discrete employment actions: (i) by denying him a lateral transfer from Beaumont to Austin, and (ii) by terminating his employment.[1]

As discussed in the summary judgment opinion, a prima facie claim of retaliation has three elements: (1) the employee engaged in activity protected by Title VII; (2) the employer took adverse action against the employee; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Hockman v. Westward Commc'ns LLC*, 407 F.3d 317, 330 (5th Cir. 2004); *Walker v. Thompson*, 214 F.3d 615, 628-29 (5th Cir. 2000). A recent Supreme Court opinion has clarified what may constitute an "adverse employment action" and the court's analysis will be limited to reexamining that portion of its summary judgment opinion concerning this second factor.

**1.      Denial of a Lateral Transfer**

Examining first the alleged denial of a lateral transfer from Beaumont to Austin, the summary judgment opinion noted that under Fifth Circuit case law, an employment decision was only adverse where it was an "ultimate employment decision." *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 707-08 (5th Cir. 1997), *cert. denied*, 522 U.S. 932 (1997). Under this standard, the denial of the transfer request to Austin was not an ultimate employment decision and thus not an adverse

---

[1]      *See* Dkt. 36, p. 14.

employment action. *See, e.g., Burger v. Central Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999) ("[r]efusing an employee's request for a purely lateral transfer does not qualify as an ultimate employment decision"); *see also Wakefield v. State Farm Ins.*, 229 F.3d 1148 (5th Cir. 2000) (unpublished table decision) (an opportunity to be reviewed for a promotion or a lateral move is not an ultimate employment decision).

The standard for showing an adverse employment action has since changed, and therefore the court will vacate that portion of its opinion relying on the "ultimate employment decision" criteria. In *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. —, 126 S. Ct. 2405, 2415 (2006), the Supreme Court adopted the formulation of "adverse employment action" set forth by the Seventh and the District of Columbia Circuits. An "adverse employment action" is now one that a reasonable employee would find to be materially adverse, *i.e.*, one that might dissuade a reasonable worker from making or supporting a charge of discrimination under Title VII of the Civil Rights Act of 1964. *See id.* Despite this change, Sabzevari's retaliation claim nevertheless still fails under *Burlington Northern* and its adoption of the "material adverse" standard of the Seventh and District of Columbia Circuits. The plaintiff has not provided summary judgment evidence showing that he suffered a material employment action, and thus does not raise a genuine issue of material fact that he suffered an adverse employment action.

In the summary judgment opinion, the court noted that the Seventh Circuit holds that a purely lateral transfer is not generally a materially adverse employment action. The Seventh Circuit has posited that:

> Obviously a *purely* lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action. A transfer involving no reduction in pay and no more than a minor change in working conditions will not do, either. Otherwise every trivial personnel action that

4

an irritable, chip-on-the-shoulder employee did not like would form the basis of a discrimination suit.

*Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996) (emphasis in original) (citations omitted).

The Seventh Circuit holds that a transfer, or the denial of a transfer, is not normally an "adverse employment action." *See, e.g., Washington v. Illinois Dep't of Revenue*, 420 F.3d 658, 661-62 (7th Cir. 2005); *Herrnreiter v. Chicago Housing Auth.*, 315 F.3d 742, 745 (7th Cir. 2002), *cert. denied*, 540 U.S. 984 (2003); *Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996). "By and large a reassignment that does not affect pay or promotion opportunities lacks this potential to dissuade and thus is not actionable." *Washington*, 420 F.3d at 662. Sabzevari has put forth no evidence that the transfer to Austin would have affected his pay or promotional opportunities; the two positions were identical other than Sabzevari's personal preference for the Austin position. Particularly on point is *Herrnreiter*, 315 F.3d at 745, where the Seventh Circuit explained that where two jobs are equivalent, other than in idiosyncratic terms—such as the purely subjective preference of the employee for one position over another—an employer's refusal to transfer an employee from one position to another is not an adverse employment action for purposes of retaliation.

Sabzevari's denied request for a purely lateral transfer fares no better under District of Columbia Circuit case law. The District of Columbia Court of Appeals has also explained that

> The clear trend of authority . . . is to hold that a purely lateral transfer, that is, a transfer that does not involve a demotion in form or substance, cannot rise to the level of a materially adverse employment action. A survey of the relevant case law shows that the authority requiring a clear showing of adversity in employee transfer decisions is both wide and deep.

*Brown v. Brody*, 199 F.3d 446, 455-56 (D.C. Cir. 1999) (internal quotation marks and citations omitted). In *Brown*, as in this case, the plaintiff claimed retaliation where she was transferred to a position she did not desire and later refused a transfer to a position she did desire. *Id*.

The District of Columbia Circuit later added:

> Actions short of an outright firing can be adverse withing the meaning of Title VII, but not all lesser actions by employers count. As we wrote in *Brown*, 199 F.3d at 457, "[m]ere idiosyncracies of personal preference are not sufficient to state an injury." *See Williams v. Bristol-Myers Squibb Co.*, 85 F.3d 270, 274 (7th Cir. 1996). Purely subjective injuries, such as dissatisfaction with a reassignment, *see Brown*, 199 F.3d at 457, or public humiliation or loss of reputation, *see Stewart v. Evans*, 275 F.3d 1126, 1136 (D.C. Cir. 2002), are not adverse actions.

*Forkkio v. Powell*, 306 F.3d 1127, 1130-31 (D.C. Cir. 2002) (footnote omitted).

**2.    Termination of Employment**

The Supreme Court's opinion in *Burlington Northern* does not affect the court's analysis of Sabzevari's purported retaliatory termination. That section of the summary judgment opinion will not be altered.

### CONCLUSION

Accordingly, plaintiff Mehrdad Sabzevari's motion to vacate the summary judgment opinion issued June 15, 2006 is GRANTED in part; DENIED in part. The judgment in favor of defendant Reliable Life Insurance Co. remains unchanged.

Signed on August 10, 2006, at Houston, Texas.

_____
Gray H. Miller
United States District Judge

6